# Third District Court of Appeal
## State of Florida

Opinion filed August 7, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1748
Lower Tribunal No. 2020-3534-CA-01
_____

**Rosa Nuñez and Mercedes Martinez,**
Appellants,

vs.

**Hector Casals d/b/a Infantia Academy,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Law Offices of Alfaro & Fernandez, P.A., and Elbert Alfaro, for appellants.

Bell Rosquete Reyes Esteban, PLLC, Alexander Esteban, Henry Bell and Dimitrije Canic, for appellee.

Before LOGUE, C.J., and EMAS and GORDO, JJ.

GORDO, J.

Rosa Nuñez ("Nuñez") and Mercedes Martinez ("Martinez") appeal a non-final order denying their motion to enforce settlement agreement. Because the trial court's order was based upon the factual findings established at the evidentiary hearing and did not expressly determine, as a matter of law, that a settlement agreement never existed, we dismiss the appeal for lack of jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(ix) (authorizing appeals of non-final orders that determine "that, as a matter of law, a settlement agreement is unenforceable, is set aside, or never existed"); Powell v. Woodard, 300 So. 3d 784, 785 (Fla. 1st DCA 2020) ("[W]e conclude that the trial court's order in this case did not 'determine' 'as a matter of law' that 'a settlement agreement . . . never existed' under Rule 9.130(a)(3)(C)(ix), such that jurisdiction is lacking."); Duchateau v. Duchateau, 361 So. 3d 951, 952 (Fla. 5th DCA 2023) (dismissing an appeal because the order denying the motion to enforce settlement agreement "did not expressly determine, as a matter of law, that the May 28, 2021 settlement agreement was not enforceable, never existed, or was set aside," and instead was based upon factual findings).

Dismissed.